UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JAMES R.,[1]

        Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 3:21-cv-01782-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff James R. seeks judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-33. This court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g). For the reasons set forth below, the ALJ's decision is REVERSED and REMANDED for further proceedings.

## PROCEDURAL HISTORY

    Plaintiff protectively filed for Title II disability benefits on July 7, 2014, alleging disability beginning on February 1, 2013. His application was initially denied on November 26,

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of plaintiff's last name.

1 – OPINION AND ORDER

2014, and upon reconsideration on March 28, 2015. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on June 15, 2017. An ALJ issued an unfavorable decision on August 21, 2017, which was reversed and remanded by this court. On remand, another hearing was conducted on July 8, 2021, and a different ALJ issued another unfavorable decision on August 10, 2021, which is subject to review by this court. 20 C.F.R. § 416.1481.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

2 – OPINION AND ORDER

months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since his alleged onset date of July 10, 2017, through his date last insured of December 31, 2019. At step two, the ALJ determined plaintiff suffered from the following severe impairments: diabetes, neuropathy, hearing loss, tinnitus, and hypertension (20 CFR 404.1520(c)).

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined he could "perform light work as defined in 20 CFR 404.1567(b) except the claimant is limited to lifting and/or carrying 20 pounds occasionally and 10 pounds frequently. The claimant is limited to standing and/or walking for a total of about six hours and sitting for a total of about six hours in an eight-hour workday with normal breaks. The claimant is limited to frequent bilateral foot control operation. The claimant must avoid even moderate exposure to industrial vibration. They must avoid all exposure to workplace hazards such as unprotected heights and operational control of moving machinery (including commercial driving). He is limited to jobs that require only occasional communication with the general public, coworkers, and supervisors. He can have no exposure to more than a 'moderate' noise intensity level, as described in the Selected Characteristics of Occupations."

At step four, the ALJ found plaintiff was capable of performing past relevant work as a postal clerk (DOT 209.687-026). Thus, the ALJ concluded plaintiff was not disabled.

3 – OPINION AND ORDER

**DISCUSSION**

The Commissioner concedes the ALJ erred in evaluating the disability rating from the Department of Veterans Affairs (VA) and in failing to evaluate the April 2011 opinion of treating physician Tom Flaming, D.O. The Commissioner asks this court to remand the matter for further proceedings. Plaintiff argues that remand for immediate award of benefits is warranted.

When a court determines the Commissioner has erred in some respect in making a decision to deny benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand for further proceedings or immediate payment of benefits, the Ninth Circuit employs the "credit-as-true" standard when the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) the record has been fully developed and further proceedings would serve no useful purpose, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Garrison v, Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if all of the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id*. at 1021.

Here, as noted, the Commissioner concedes the ALJ erred and, therefore, the first requisite of the *Garrison* test is met. With respect to the second requisite, the Commissioner argues there are "significant factual conflicts and ambiguities . . . in the medical record," which make further proceedings appropriate. Plaintiff counters that "immediate award of benefits is warranted based on the opinions of state agency consultants Drs. J. Scott Pritchard and Thomas

W. Davenport" who opined that plaintiff is required to "[a]void even moderate exposure" to noise.

The ALJ found "[t]he longitudinal record shows that with hearing aids, the claimant would not need to see the speaker's face, as set forth by the [state agency] doctors, and such limitation was not included." Tr. 585. But, as this court previously observed in its 2020 Opinion and Order, neither Dr. Pritchard nor Dr. Davenport provided that opinion. Tr. 655. The court found that "[b]ecause the ALJ provided no other reason to reject the doctor's opinions about plaintiff's noise limitations, the ALJ erred in rejecting those opinions." Tr. 656. Because it was "unclear whether the ALJ would have reached the same disability determination even if [the ALJ] had included the doctors' environmental noise limitation in plaintiff's RFC," the court remanded the case for the ALJ "to consider all the evidence." Tr. 657. Despite this, the ALJ made the same error on remand. This time, the ALJ referred to two additional state agency doctors—Dr. Kessler and Dr. Wiggins—but neither of them provided such an opinion either.

The significance of this error is that the ALJ found plaintiff "can have no exposure to more than a 'moderate' noise intensity level," but the state agency doctors opined that plaintiff must avoid even moderate exposure to noise. Tr. 59, 73, 718, 737. The ALJ gave their opinions "great weight, to the extent that they are consistent with the residual functional capacity," Tr. 585, but did not otherwise explain why he was rejecting their opinions that plaintiff must avoid even moderate exposure to noise. *See Willingham v. Berryhill*, No. CV 17-1061-JWL, 2018 WL 1070891, at *2 (D. Kan. Feb. 26, 2018) (finding ALJ erred by giving significant weight to a non-examining doctor's opinion but limiting the plaintiff to an environment with no more than moderate noise without explaining why he was not adopting the doctor's opinion that the plaintiff must avoid even moderate exposure to noise); *Stoddard v. Colvin*, No. 13-CV-289-

5 – OPINION AND ORDER

TLW, 2014 WL 2571654, at *3 (N.D. Okla. June 9, 2014) (same and holding, "When an ALJ gives great weight to an opinion, he must adopt all the limitations in that opinion or explain his reasons for doing so.").

No doubt, it is frustrating to plaintiff that, on remand, the same error was basically committed again. But even if the opinions of the state agency consultants are credited and they would preclude plaintiff's past work as a postal clerk (which involves exposure to medium noise, Tr. 616-17), it would not necessarily preclude plaintiff from being able to work in other jobs. The state agency consultants concluded that plaintiff was not disabled, Tr. 60, 75, 720, 738, and at the hearing, the vocational expert identified other jobs that had a light exertional level with an SVP of 2, and that were quiet and involved no stopping, kneeling, crouching, or crawling. Tr. 618-19. Thus, while this court is reluctant to send this case back for yet another bite at the apple, so to speak, the third requisite of the *Garrison* test has not been met in that it is not clear plaintiff is entitled to benefits if the opinions of the state agency doctors is credited. Otherwise stated, there may be jobs plaintiff can perform in the economy with an RFC that is properly supported.

## ORDER

The ALJ's decision is REVERSED and REMANDED. On remand, the ALJ shall properly evaluate the disability rating from the VA, the opinion of treating physician Tom Flaming, D.O., and the opinions of the state agency doctors, and conduct any additional further proceedings consistent with this opinion.

DATED January 13, 2023.

      /s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

6 – OPINION AND ORDER